BEESON HARDWARE COMPANY AND GENERAL MOTORS ACCEPTANCE CORPORATION v. O. B. MALPASS AND J. C. MALPASS.

(Filed 10 January, 1934.)

**1. Sales I d—Nothing else appearing, seller is entitled to possession in accordance with terms of contract upon bankruptcy of purchaser.**

The provision in a conditional sales contract that if proceedings in bankruptcy were instituted against the purchaser all deferred payments should become due and the seller or his assignee entitled to immediate possession for the purpose of selling the property, entitles the seller or his assignee to immediate possession upon the happening of the condition notwithstanding that none of the deferred payments was due according to the schedule of payment.

**2. Appeal and Error E h—**

On appeal from a nonsuit entered on plaintiff's evidence prior to the introduction of evidence by defendant, the legal effect of the defenses set up in defendant's answer is not presented for review.

APPEAL by plaintiffs from *Sink, J.,* at September Term, 1933, of GUILFORD. Reversed.

This action was begun and tried in the municipal court of High Point.

At the close of the evidence for the plaintiffs the defendants moved for judgment dismissing the action as of nonsuit. The motion was allowed, and the plaintiffs excepted.

From judgment dismissing the action, the plaintiffs appealed to the Superior Court of Guilford County. At the hearing of this appeal, the judgment was affirmed, and the plaintiffs appealed to the Supreme Court.

*D. H. Parsons* for *plaintiffs.*
*M. W. Nash* for *defendants.*

CONNOR, J. This is an action to recover possession of certain articles of personal property sold and delivered to the defendant, O. B. Malpass, under and pursuant to the terms and conditions of certain conditional sales agreements, which are in writing, and which are duly recorded in Guilford County. These articles of personal property are now in the possession of the defendant, J. C. Malpass, a son of O. B. Malpass. Prior to the date of the commencement of the action the conditional sales agreements were sold, transferred and assigned by the plaintiff, Beeson Hardware Company, to the plaintiff, General Motors Acceptance Corporation. At said date they were owned by the said General Motors Acceptance Corporation, but are now owned by the Beeson Hardware Company.

It is provided in each of the conditional sales agreements that in the event a proceeding in bankruptcy shall be instituted against the vendee, all the deferred payments on the purchase price of the property described therein shall become due and payable, and that the vendor shall be entitled to the immediate possession of said property for the purpose of selling the same to the end that the proceeds of the sale may be applied to the payment of the balance due on the purchase price of said property.

Prior to the commencement of the action, the defendant, O. B. Malpass, was adjudged a bankrupt by the United States District Court for the Middle District of North Carolina. For this reason the plaintiffs are entitled to the possession of the property described in each of said conditional sales agreements and there was error in the judgment dismissing the action as of nonsuit. The judgment of the Superior Court is reversed.

No evidence was offered at the trial in the municipal court by the defendants. For this reason the defenses set up in their answer cannot now be considered. If these defenses are established by evidence at another trial, the plaintiffs will not be entitled to recover in this action; otherwise, by reason of the provision in the conditional sales agreement, the plaintiffs are entitled to the possession of the property described

therein, notwithstanding the fact that none of the deferred payments on the purchase price of said property were due under the terms of said agreements, at the date of the commencement of the action.

The judgment of the Superior Court affirming the judgment dismissing the action, is

Reversed.